IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN ALEXANDER, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-401 |
| | : | |
| NCO FINANCIAL SYSTEMS, INC., | : | |
| | : | |
| Defendant. | : | |

**OPINION**

**Slomsky, J.**                                                                                                                                            June 16, 2011

**I. INTRODUCTION**

Before the Court is a Petition for Attorney's Fees filed by Plaintiff Sean Alexander. (Doc. No. 5.) Pursuant to Federal Rule of Civil Procedure 54(d) and 15 U.S.C. §§ 1681n and 1681o, Plaintiff petitions the Court for an award of attorney's fees and costs in the amount of $5,422. (Id.) Defendant NCO Financial Systems, Inc. opposes Plaintiff's calculation of fees and costs and contends that the proper award is $2,300. (Doc. No. 6 at 3, 12.) For reasons that follow, the Court will grant the Petition and award attorney's fees and costs in the amount of $3,112.80.[1]

---

[1] In Williams v. NCO Fin. Sys., No. 10-5766, 2011 WL 1791099 (E.D. Pa. May 10, 2011), the Court considered a fee petition pursuant to Federal Rule of Civil Procedure 54(d) and 15 U.S.C. §§ 1681n and 1681o. Defendant NCO Financial was the defendant in Williams. Counsel for Plaintiff and counsel for Defendant in this case also represented plaintiff and defendant, respectively, in Williams. Counsel for Plaintiff and counsel for Defendant have made arguments in this case that are nearly identical to those made in Williams. The law applied by the Court in Williams applies to the review of the fee petition in this case and is being reiterated in this Opinion.

## II. BACKGROUND

On January 21, 2011, Plaintiff filed a Complaint alleging that Defendant violated the Fair Debt Collection Practices Act ("FDPCA"), 15 U.S.C. 1692 *et seq.*, when it permitted its authorized agents to repeatedly harass Plaintiff in telephone calls regarding collection of a debt. (Doc. No. 1 ¶¶ 1, 17-26.) On February 11, 2011, Defendant executed a waiver of service, which was filed with the court on February 14, 2011. (Doc. No. 2.) Thereafter, on March 16, 2011, Defendant served on Plaintiff an Offer of Judgment.[2] (See Certificate of Service, Doc. No. 3 at 3.) On March 30, 2011, Plaintiff accepted the Offer of Judgment and filed the Judgment with the Court. (Doc. No. 3.)

The Offer of Judgment provides that the parties agree that "Judgment shall be entered against [Defendant] NCO for statutory and actual damages in the total amount of $1,000 for NCO's alleged violations of the [FDCPA]." (Doc. No. 3 ¶ 3.) The $1,000 amount represents the maximum damages to which Plaintiff is entitled under the FDCPA. 15 U.S.C. § 1692k(a)(3).

Further, the Offer of Judgment provides as follows:

> The Judgment entered shall also include an amount for reasonable costs and attorney's fees accrued through the date of this Offer of Judgment. Reasonable costs and attorney's fees are to be agreed upon by the parties, or, if the parties are unable to agree, to be determined by the Court on application

---

[2] Federal Rule of Civil Procedure 68(a) provides as follows:

> **Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

> by Plaintiff's counsel subject to the limitation that attorney's fees and costs
> are cut off as of the date of this Offer of Judgment.

(Doc. No. 3 ¶ 4.)

The parties have been unable to agree on what constitutes reasonable attorney's fees and costs in this case. As a result, on April 13, 2011, Plaintiff filed the Petition for Attorney's Fees and Costs now before the Court. (Doc. No. 5.) In the Petition, Plaintiff requests $5,422 in attorney's fees and costs.[3] Plaintiff requests an award of costs in the amount of $350. This amount is the cost of filing the Complaint. (Doc. No. 5-1 at 3; Doc. No. 5-3 at 2.) Plaintiff requests an award of fees for 16.1 hours[4] of work performed by attorneys, paralegals, and information technology ("IT") support staff from October 8, 2010 to April 13, 2011. (See Doc. No. 5-3.) The hourly rate requested by each attorney, paralegal, or IT professional varies depending upon their qualifications and experience. (Doc. No. 5-1 at 2-3.)[5]

---

[3] In the Memorandum of Law in Support of Plaintiff's Fee Petition, Plaintiff writes "Paralegal time expended totals 4.6 hours, for a total for their combined services of $729.50." This sentence represents a slight miscalculation of the services provided. The total time expended by paralegals was 4.3 hours, for a total for their combined services of $699.50. This time and amount is consistent with the total hours (16.1) and amount ($5,422) calculated by Plaintiff.

[4] The time sheet submitted by Plaintiff in support of the Petition provides that the "Total File Time" is 12.9 hours. (Doc. No. 5-3 at 4.) This time incorrectly states the amount of hours expended by counsel and others on behalf of Plaintiff in this case. The correct amount, as stated by Plaintiff in the Memorandum of Law in Support of the Fee Petition and as calculated by the Court, is higher and is 16.1 hours. (See Doc. No. 5-1 at 2.)

[5] The hourly rate for the attorneys, paralegals, and IT support staff are as follows:

    (1) Craig Thor Kimmel (attorney with 22 years of experience): $425 an hour.
    (2) Amy L. Bennecoff (attorney with 6 years of experience): $300 an hour.
    (3) Tara L. Patterson (attorney with 10 years of experience): $300 an hour.
    (4) Sarah Young (attorney with 7 years of experience): $300 an hour.

On April 27, 2011, Defendant filed a Response in Opposition to the Petition for Attorney's Fees. (Doc. No. 6.) Defendant does not dispute that Plaintiff is entitled to $350 for the cost of filing the Complaint. Further, Defendant acknowledges that Plaintiff is entitled to reasonable attorney's fees; it simply disputes what is "reasonable." According to Defendant, Plaintiff is entitled to attorney's fees and costs in the amount of $2,300. This amount represents the total amount requested by Plaintiff less: (1) the amount attributable to work performed after the date of the Offer of Judgment (5.4 hours, total value of work - $1,741); (2) the amount by which counsel and staff for Plaintiff overcharge for services ($55 to $115 per hour depending upon the individual performing the work); and (3) the amount which constitutes fees from duplicative or administrative work (3.7 hours, total value of work - $ 734.50).

## III. DISCUSSION

### A. Legal Standard

Both parties agree that Plaintiff is entitled to reasonable attorney's fees and costs. Pursuant to the FDCPA, a prevailing plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(3). The United States Supreme Court has explained how the initial calculation of an award of attorney's fees is made:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

---

(5) Christy Sunchych (paralegal): $165 an hour.
(6) Chloe O'Connell (paralegal): $165 an hour.
(7) Jason Ryan (paralegal): $155 an hour.
(8) Jeff Ehrmann (IT professional): $150 an hour.

(Doc. Nos. 5-1, 5-4.)

> litigation multiplied by a reasonable hourly rate. The calculation
> provides an objective basis on which to make an initial estimate of
> the value of the lawyer's services.

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The calculation produces what is referred to as the lodestar amount. See Damian J. v. Sch. Dist. of Phila., 358 Fed. App'x 333, 334 (3d Cir. 2009).

To determine a reasonable hourly rate, an attorney's customary billing rate is the proper starting point. The hourly rate of an attorney in the marketplace is also pertinent to the "reasonableness" evaluation. See Missouri v. Jenkins, 491 U.S. 274, 285 (1989) ("[W]e have consistently looked to the marketplace as our guide to what is 'reasonable'"); Blum v. Stevenson, 465 U.S. 886 (1984); Islamic Ctr. of Miss. v. Starkville, 876 F.2d 465, 469 (5th Cir. 1989). Moreover, when calculating the number of hours reasonably expended and the reasonable hourly rate, a court may consider twelve factors outlined in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The factors are:

    (1)    Time spent and labor required;
    (2)    Novelty and difficulty of the questions;
    (3)    Skill requisite to perform the legal services properly;
    (4)    Preclusion of other employment by the attorney due to acceptance of the case;
    (5)    Customary fee in the community;
    (6)    Whether the fee is fixed or contingent;
    (7)    Time limitations imposed by the client or the circumstances;
    (8)    Amount of time involved and the results obtained;
    (9)    Experience, reputation, and ability of the attorney;
    (10)    Undesirability of the case;
    (11)    Nature and length of the professional relationship with the client; and
    (12)    Awards in similar cases.

See Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir. 1986). In certain cases, the Johnson factors may

also be considered as a basis for adjusting the lodestar amount.  See Hensley, 461 U.S. at 434.

B.  Analysis

Plaintiff has filed a Petition for Attorney's Fees and Costs in the amount of $5,422. Defendant challenges the Petition arguing: (1) Plaintiff cannot recover for 5.4 hours of work performed after the date of the Offer of Judgment, March 16, 2011, which is the date on which Plaintiff was served with the Offer; (2) Plaintiff cannot recover at the unreasonable hourly rate charged by his counsel and counsel's support staff; and (3) Plaintiff cannot recover for the 3.7 hours of work which constitutes duplicative (1 hour) or administrative (2.7 hours) tasks.  The Court will consider each challenge in turn.

1.  *Proper Time Period for Accrual of Attorney's Fees and Costs*

Federal Rule of Civil Procedure 68 provides, in pertinent part, that "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued."  Fed. R. Civ. P. 68.  The plain language of the Rule suggests that costs and attorney's fees accrued as of the date the offer is served are compensable.  See Marek v. Chesny, 473 U.S. 1 (1985) (holding that attorney's fees are included in the term "costs"); Holland v. Roeser, 37 F.3d 501, 503 (9th Cir. 1994) (citing Marek, 473 U.S. at 9) ("[A] plaintiff who accepts a Rule 68 offer is entitled to attorney's fees accrued at the time of the offer.").  To avoid confusion about when fees and costs accrue, Rule 68 provides that parties shall file the offer and notice of acceptance, plus proof of service.  This establishes a fixed date beyond which attorney's fees and costs will not be paid.

Despite the plain language of Rule 68, a party may specify within the offer of judgment a cut-off date for the accrual of fees and costs.  For example, an offer of judgment may provide that

6

fees and costs accrued as of the date of acceptance will be paid, or it may contain specific language indicating that fees and costs accrued as of the date of service will be paid. See, e.g., Sherry v. Prot., Inc., 14 F. Supp. 2d 1055, 1056 (N.D. Ill. 1998) (defendants made an offer of judgment to plaintiff for attorney's fees accrued "through the date of acceptance of this offer"); Sussman v. Patterson, 108 F.3d 1206, 1210 (10th Cir. 1997) (the Offer of Judgment provided for attorney's fees as of the date of service because the defendants attached to their brief the Offer of Judgment which provided for "attorneys' fees *to date*" and also attached a certificate of service bearing the same date).

Plaintiff seeks attorney's fees accrued through April 13, 2011, the date when its Petition for Attorney's Fees and Costs was filed. Defendant challenges 5.4 hours billed by Plaintiff for work performed after March 16, 2011. According to Defendant, these costs and fees accrued after the date of the Offer of Judgment and are therefore not recoverable pursuant to the terms of the Offer. (Doc. No. 6 at 3-7.)

Here, the Offer of Judgement states that the Judgment entered in favor of Plaintiff shall include Plaintiff's reasonable costs and attorney's fees "accrued through the date of this Offer of Judgment." Further, the Offer of Judgment provides that where the parties are unable to agree upon the amount of reasonable costs and attorney's fees, the Court will determine the amount of such costs and fees "subject to the limitation that attorney's fees and costs are cut off as of the date of this Offer of Judgment." This language is consistent with the general rule that a party is entitled costs and attorney's fees accrued as of the date of the offer of judgment. The date of the offer here is clear and is evidenced by the Certificate of Service filed with the Court. (See Doc. No. 3.) The Certificate of Service is dated March 16, 2011 and establishes that the date of the

Offer of Judgment is March 16, 2011. Accordingly, the Court will calculate the amount of attorney's fees and costs by considering the fees and costs accrued through March 16, 2011. Consistent with Defendant's position, the Court will exclude from the total calculation the 5.4 hours of attorney's fees accrued after the date of the Offer of Judgment.

2.      *Reasonable Hourly Rate*

To determine a reasonable hourly rate, an attorney's customary billing rate is the proper starting point, supplemented by consideration of the hourly rate common in the marketplace and any relevant Johnson factors. See Jenkins, 491 U.S. at 469. Plaintiff asserts that the hourly rates used are the customary billing rates of his attorneys and the paralegals in the firm and are commensurate with the prevailing rates for attorneys that practice in federal court. (Doc. No. 5-1 at 20-26). Plaintiff supports the hourly rates claimed with affidavits from counsel in this case, attesting to the fact that the rates applied are reasonable in light of the skill and experience of the attorneys and paralegals, and the prevailing market rates. He has also submitted affidavits of two other attorneys who practice in the consumer protection field, each concurring with Plaintiff that the attorney's fees requested use an hourly rate that is a reasonable reflection of the market rate. (See Doc. No. 5-5.) Also in support of the Petition, Plaintiff submits a "Consumer Law Attorney Fee Survey," updated through 2007, which includes data reflecting average attorney fees in the mid-Atlantic region, as reported by members of the National Association of Consumer Advocates and Consumer Law Attorneys.[6] (See Doc. No. 5-7.)

---

[6] Plaintiff also suggests that the market rate should be determined by reviewing the "Laffey Matrix," which takes its name from the case in which this matrix was first used, Laffey v. Nw. Airlines, 572 F. Supp. 354 (D.D.C. 1983), *aff'd* 746 F.2d 4 (D.C. Cir. 1984). The Laffey Matrix provides billing rates for attorneys in the Washington D.C. area and is not particularly pertinent in this case, where the relevant market is the Eastern District of Pennsylvania. See

8

Defendant challenges the hourly rates used by Plaintiff, contending that even accounting for augmentation pursuant to the Johnson factors, the rates are above prevailing market rates. (Doc. No. 6 at 10-12.) In support of this contention, Defendant submits a fee schedule established by Community Legal Services, Inc. ("CLS"). CLS is a Philadelphia-based legal service provider. The fee schedule established by CLS has been cited with approval by the Third Circuit and the Eastern District of Pennsylvania as fairly reflecting prevailing market rates in Philadelphia. See Maldonado v. Houstoun, 256 F.3d 181 (3d Cir. 2001); Pelzer v. City of Phila., No. 07-38, 2011 WL 611817 (E.D. Pa. Feb. 17, 2011). The Court will use the CLS fee schedule to determine the prevailing market rate in this case.

Turning first to Attorney Craig Thor Kimmel, lead counsel for Plaintiff, Mr. Kimmel's hourly billing rate is $425. Pursuant to the CLS guidelines, the average hourly rate in the market for an attorney with 21 to 25 years of experience, like Mr. Kimmel, is $290 to $330. Having determined Mr. Kimmel's customary billing rate and the market rate, the Court will now consider any relevant Johnson factors and whether such factors justify the rate charged. The novelty and difficulty of the question at issue is not instructive here because this case appears to be a rather straightforward FDCPA case, and Mr. Kimmel admits to having litigated "thousands" of similar cases. (Doc. No. 5-4 ¶ 8.) On the other hand, Mr. Kimmel's high level of experience and his reputation in the field, as detailed in his affidavit, (see Doc. No. 5-4), supports a finding that Mr. Kimmel's hourly rate should fall at the high end of the market rate range. Moreover, the CLS rate, which is a general rate that applies across all practice areas, does not take into account

---

Interfaith Cmty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 710 (3d Cir. 2005) (finding that the Laffey Matrix rate is a reasonable market rate for the Washington D.C. area).

the opinions of Mr. Kimmel's colleagues in the field of consumer protection litigation that the rates charged by his firm, Kimmel & Silverman, are reasonable in the industry and probably even below market rate. (Doc. No. 5-5 ¶ 9.) A consideration of all these factors supports an award of attorney's fees above the applicable CLS market range. Based on the above, the Court concludes that $400 is a reasonable hourly rate for Mr. Kimmel. This rate is twenty-one percent more than the uppermost rate of the pertinent CLS market range.

Attorneys Amy L. Bennecoff, Tara L. Patterson, and Sarah M. Young respectively, have six years, ten years, and seven years of experience as attorneys, and each bill at the rate of $300 per hour for consumer FDCPA matters. Pursuant to CLS guidelines, the average hourly rate in the market for an attorney with six to ten years experience is $200 to $230. As with Mr. Kimmel, a consideration of the <u>Johnson</u> factors with respect to Ms. Bennecoff, Ms. Patterson, and Ms. Young supports an award of attorney's fees using an hourly rate above the applicable CLS market range. These attorneys, like Mr. Kimmel, practice in the field of consumer protection litigation. The hourly rates requested by them are in accord with those rates charged by other attorneys practicing in the same field. (Doc. No. 5-5 ¶ 9.) The Court concludes that $278 is a reasonable hourly rate for Ms. Bennecoff, Ms. Patterson, and Ms. Young.[7]

Finally, paralegals Jason Ryan and Christy L. Sunchych, and IT professional Jeff Ehrmann have billed at an hourly rate of $150 to $165. Pursuant to CLS guidelines, a reasonable hourly rate for paralegals and administrative professionals is between $70 and $90. The Kimmel

---

[7] As noted, the rate approved by the Court for Mr. Kimmel is twenty-one percent more than the uppermost rate of the pertinent CLS market range. Similarly, the rate approved by the Court for Ms. Bennecoff, Ms. Patterson, and Ms. Young is twenty-one percent more than the uppermost rate of the pertinent CLS market range.

& Silverman paralegals' hourly rate is more akin to the CLS guideline for an attorney with less than two years experience, which is $150 to $170. However, because the consumer protection litigation field is a specialized one, and the CLS guidelines relate to the work of paralegals in general, the Court finds it reasonable that paralegals who work in this specific field warrant an hourly rate above the CLS guideline for paralegals. Based on this finding, the Court concludes that $150, $155, and $165 are reasonable hourly rates for Jeff Ehrmann, Jason Ryan, and Christy L. Sunchych, respectively.[8]

3.  *Number of Hours Reasonably Expended on the Litigation*

When awarding fees, a district court must "decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Interfaith Cmty. Org., 426 F.3d at 710 (quoting Pub. Interest Research Grp. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). In response to the specific objections made by a party opposing the award of fees and costs, a court must conduct a "thorough and searching analysis" to identify charges that should be excluded. See id. (quoting Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001)). The Court "may not reduce an award *sua sponte*; rather it can only do so in response to specific objections made

---

[8] The Court has not determined the reasonable hourly rate for the services performed by paralegal Chloe O'Connell. The reason for this omission is that the hours billed by Ms. O'Connell covered work performed after the date of the Offer of Judgment. These hours have been excluded by the Court. Therefore, the reasonable rate for these hours is not relevant to the analysis.

In addition, although the Court finds that the hourly rates billed by the other paralegals are reasonable and that these paralegals performed work within the proper time frame (before March 16, 2011), the portion of the work performed by these paralegals which is "administrative" in nature is not the type normally billed to a client and, as explained below, will be excluded from the fee calculus.

by the opposing party." Interfaith Cmty. Org., 426 F. 3d at 711. Once a specific objection has been made, the burden shifts to the party making the request to justify the size of the request. Id.

Here, Defendant has submitted specific objections to Plaintiff's fee petition, challenging 3.7 hours of time billed as "redundant or otherwise unnecessary." Defendant describes the hours as either "duplicative" or otherwise unnecessary "administrative tasks." (Doc. No. 6 at 7-10.) The burden now shifts to Plaintiff to justify the size of the request. The Court finds that Plaintiff has met this burden by including a four-page time sheet with entries that "specify for each attorney [and paralegal], the date, the hours expended, and the nature of the work done." Nat'l Elec. Benefit Fund v. Starko Elec. Servs., Inc., No. 06-1446, 2010 WL 1049980, at *4 (Mar. 16, 2010) (quoting Hensley, 461 U.S. at 433). Despite approving the size of the request because of the supporting details, the Court will next consider specific entries in regard to the 3.7 hours objected to by Defendant.

As a general rule, time that would not be billed to a client cannot be imposed on an adversary. Windall, 51 F. 3d at 1188. Thus, administrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition. See Spegon v. Catholic Bishop of Chi., 175 F. 3d 544, 552 (7th Cir. 1999) (finding the district court did not abuse its discretion by disallowing attorney's time spent on administrative tasks and striking nearly all of the paralegal's hours).

Here, Defendant objects to four entries on the time sheet (2.7 hours) on the basis that the hours are for administrative tasks by the paralegals. Although the Court agrees that 2.5 hours of the 2.7 describe administrative tasks such as opening a file in a database, mailing letters, and copying documents to a CD, the remaining .2 hours cannot be fairly classified as

"administrative," and therefore, will not be excluded from the fee calculation as Defendant requests. The .2 hours which the Court will include relate to the October 12, 2010 entry of paralegal Jason Ryan. These hours were spent "preparing outline of linked events"[9] and cannot fairly be classified as administrative. See generally Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n.10 (1989). Accordingly, the Court will include these hours in the fee calculation.

Defendant also objects to 1 hour of work performed on March 15, 2011, asserting that the work is duplicative or redundant. Defendant's objection is based on the fact that the hour of work is billed for internal correspondence between attorneys and paralegals. Internal correspondence is not necessarily duplicative. Further, when two attorneys meet to discuss a case, their discussion is not necessarily redundant. Defendant has not identified entries which are clearly redundant and the Court will not exclude this time on that basis.

In total, the Court excludes 2.5 hours as "otherwise unnecessary" administrative tasks, but does not exclude any time as redundant.

    4.    *Calculation*

The Court will exclude a total of 7.9 hours from the calculation of attorney's fees. Of the total hours excluded, 5.4 represent hours of work performed after the date of the Offer of

---

[9] On October 12, 2010, paralegal Jason Ryan billed .7 hours for the following: "Open file in database (.2); discuss with associate and create factual summary (.2); prepare outline of linked events (.2); prepare Amicus Precedent to track case (.1)." (Doc. No. 5-1 at 1.) Defendant objects to .5 of these hours as administrative tasks without specifying which .5 hours are objectionable as administrative and which .2 they concede may be included in the fee calculation. Neither the hours expended creating a factual summary(.2), nor those spent preparing an outline of linked events (.2) are administrative tasks. See generally Jenkins by Agyei, 491 U.S. at 288 n.10. Based on Defendant's objection to .5 of the .7 hours, it concedes that one of these entries is not administrative and should be included in the fee calculation. The Court overrules the objection with respect to the other entry. Thus, only .3 of the hours in this entry are excluded as administrative, not .5 as Defendant requests, leaving .2 hours as reimbursable.

Judgment and 2.5 represent hours excluded for work that is administrative in nature. As a result of these exclusions, the Court finds that Plaintiff is entitled to attorney's fees for 8.2 hours of work. Attorney Craig Thor Kimmel performed 5.5 of these hours. At the reasonable hourly rate of $400 as determined by the Court, Plaintiff is entitled to $2,200 for the services provided by Mr. Kimmel.

Attorneys Amy L. Bennecoff, Tara L. Patterson, and Sarah Young performed 1.1 of the total hours approved by the Court. At the reasonable hourly rate of $278, Plaintiff is entitled to $305.80 for the services provided by Ms. Bennecoff, Ms. Patterson, and Ms. Young. Paralegals Jason Ryan and Christy Sunchych performed .7 and .9 hours, respectively, of the total hours approved by the Court. At the reasonable hourly rate of $155 for Mr. Ryan, and $165 for Ms. Sunchych, Plaintiff is entitled to $257 for the services provided by Mr. Ryan and Ms. Sunchych.[10]

In addition, Plaintiff is entitled to recover costs in the amount of $350 for the filing of the Complaint in this case, as noted above. In total, the Court finds that Plaintiff is entitled to attorney's fees and costs in the amount of $3,112.80.

---

[10] As noted above, the calculation does not include a computation of the value of the work performed by paralegal Chloe O'Connell because the Court has excluded Ms. O'Connell's hours as occurring after the Offer of Judgment. It also does not include the value of the work performed by IT professional Jeff Ehrmann because the Court has excluded the work performed by Mr. Ehrmann as administrative in nature.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Petition for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 54(d) and 15 U.S.C. §§ 1681n and 1881o (Doc. No. 5) and will award Plaintiff attorney's fees and costs in the amount of $3,112.80.

An appropriate Order follows.